UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

IN RE TONY ALLEN SWIFT,

    Chapter 7 Debtor.

TONY ALLEN SWIFT and
DIANA SWIFT,

        Plaintiffs,

    v.

THE PURDUE PHARMA COMPANY,
PURDUE PHARMA L.P., PURDUE
PHARMA INC., PURDUE FREDERICK
COMPANY, THE P.F. LABORATORIES
INC., THE ABBOTT LABORATORIES,
ABBOTT LABORATORIES, INC., and
MALLINCHRODT INC.,

        Defendants.

Case No. 05-cv-356-DRH

Bank. Case No. 03-35381
Adv. Bank. Case No. 05-3085

## MEMORANDUM & ORDER

**HERNDON, District Judge**:

      Before the Court is a motion to withdraw reference from the Bankruptcy Court filed by Defendants Purdue Pharma L.P (individually and as successor in interest to The Purdue Pharma Company), Purdue Pharma, Inc., The Purdue Frederick Company and The P.F. Laboratories Inc. (collectively, "the Purdue Defendants"). (Doc. 2.) The Trustee for Plaintiffs' Estate has responded in opposition (Doc. 3), to which the Purdue Defendants have replied (Doc. 4). For

the following, reasons the Court **GRANTS** Defendants' motion to withdraw reference. (Doc. 2.)

In September 2003, Plaintiff Tony Swift ("Swift") filed a personal injury lawsuit in Illinois state court alleging various products liability claims against Defendants. Several months later, Swift filed a bankruptcy petition under Chapter 7. Several months after that, Diana Swift joined Tony Swift as a plaintiff in the state court action.

In March 2005 the Purdue Defendants sought to remove the state court case to the Bankruptcy Court. The removal resulted in the adversarial proceeding which the pending motion seeks to withdraw. Purdue Defendants maintain that only this Court has jurisdiction to decide Plaintiffs' personal injury claims. On the other side, Plaintiffs argue that Defendants' motion to withdraw is untimely. The Purdue Defendants reply that no time requirement exists to withdraw reference of personal injury lawsuits and that, in any case, their motion was timely.

A district court may withdraw, in whole or in part, any proceeding referred to a bankruptcy court if there is cause for such a withdrawal. **28 U.S.C. § 157(d)**. The Court may do so on its own motion or on the timely motion of a party. *Id.* Good cause exists where a bankruptcy court does not have jurisdiction to hear a proceeding, and the bankruptcy courts clearly do not have jurisdiction to determine the merits of or liquidate personal injury tort claims.

*Leathem v. Von Volkmar (In re Von Volkmar)*, 217 B.R. 561, 565 (Bankr. N.D. Ill. 1998). Congress has ordered,

> The district court *shall* order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

**28 U.S.C. § 157(b)(5) (emphasis added)**. In this case, Plaintiffs' products liability personal injury tort claims against Defendants clearly constitute "personal injury tort" claims as that phrase is used in **§ 157(b)(5)**. Consequently, the Bankruptcy Court does not have jurisdiction to determine their merits or to liquidate the claims. The Court finds that this lack of jurisdiction constitutes good cause to withdraw the Bankruptcy Court reference for the plaintiffs' claims.

The Court need not address the timeliness issue. To the extent that the Purdue Defendants' motion might be untimely, the Court would have withdrawn the reference on its own motion in view of the fact that the Bankruptcy Court is not empowered to try Plaintiffs' claims.

For the foregoing reasons, the Court **GRANTS** the motion to withdraw the Court's reference (Doc. 2) and hereby **WITHDRAWS** reference of Plaintiffs' personal injury claims against the Purdue Defendants. The Clerk of the Bankruptcy Court is not required to transmit any documents at this time. Any further documentation needed from the bankruptcy case will be retrieved by the Court from the Bankruptcy Court's electronic case system. Any manually filed

documents in the bankruptcy case will be transmitted, in paper form, upon request of the District Court.

**IT IS SO ORDERED.**

Signed this 21st day of June, 2005.

<u>/s/    David RHerndon</u>
**United States District Judge**